**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Samford,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　　Defendant. | No. CV-23-01364-PHX-DLR<br><br>**ORDER** |

On January 23, 2021, Claimant Lisa Samford filed an application for Social Security Disability Insurance Benefits, alleging disability beginning July 1, 2020. (Administrative Record ("AR.") 54, 195, 44.) The Social Security Administration denied her claim initially and again on reconsideration. (AR. 83, 94.) After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision. (AR. 13, 40.) The Appeals Council denied review of the decision, making the ALJ's finding the final decision of the Commissioner of the Social Security Administration. (AR. 2.) Samford seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

**I.     Five-Step Process**

To determine whether a claimant is disabled, the ALJ engages in a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof for the first four steps, but the burden shifts to the Commissioner at the fifth step. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the ALJ determines whether the claimant is presently engaging

in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id.* § 404.1520(a)(4)(ii). Third, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id.* § 404.1520(a)(4)(iii). If so, the claimant is automatically considered disabled. Otherwise, the ALJ moves to the fourth step, where he assesses the claimant's residual functioning capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant is not so capable, as the fifth and final step, the ALJ must determine whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. *Id.* § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**II.    Legal Standard**

This Court reviews only those issued raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). An ALJ's factual findings are "conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quotation and citation omitted). Substantial evidence is "more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1154 (quotations and citations omitted). "When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). The substantial evidence standard is a "highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Still, this Court cannot affirm the ALJ's decision based on grounds on which the ALJ did not rely. *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

The harmless error doctrine applies to the Court's review of an ALJ's decision. Thus, the decision "need not be remanded or reversed if it is clear from the record that the

error is 'inconsequential to the ultimate nondisability determination.'" *Jones v. Comm'r of Soc. Sec. Admin.*, 460 F. Supp. 3d 867, 871 (D. Ariz. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)).

**III.   Analysis**

Samford raises three challenges to the ALJ's decision: (1) the ALJ's RFC assessment is not supported by substantial evidence; (2) the ALJ failed to properly evaluate Samford's symptom testimony; and (3) the ALJ failed to properly evaluate the opinion of Samford's consultive examiner, Erica Neal, P.A. (Doc. 12 at 12.) The Court addresses each argument in turn.

**a.   RFC Assessment**

In assessing a claimant's RFC, an ALJ must "consider all of [the claimant's] medically determinable impairments . . . , including [those] that are not 'severe[.]'" 20 C.F.R. § 404.1545(a)(2). However, "there is no requirement that every non-severe mental limitation be translated into a functional limitation in the RFC." *Sanchez v. Comm'r of Soc. Sec. Admin.*, No. CV-21-01709-PHX-DLR, 2023 WL 6119631, at *2 (D. Ariz. Sept. 19, 2023); *see also Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022).

In *Sanchez*, the ALJ found the claimant to have mild limitations in two broad functional areas and no limitations in the other two. *Id.* The ALJ then concluded that the claimant should be limited to the light exertional level and stated that the RFC assessment "reflect[ed] the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." *Id.* This Court affirmed the ALJ's decision, explaining that the ALJ complied with regulations by considering the claimant's mental limitations and explaining his RFC determination. *Id.*

The instant case is almost identical to the *Sanchez* case. Using the "paragraph B" criteria listed in 20 C.F.R. § 404.1520a(b), the ALJ properly evaluated the effect of Samford's depression and anxiety on her mental functioning. The ALJ found that Samford has mild limitations in (1) understanding, remembering, or applying information; (2) concentrating, persisting, or maintaining pace; and (3) adapting and managing oneself.

(AR. 21–22.) He concluded Samford has no limitation in interacting with others. (AR. 23.) When determining Samford's RFC, the ALJ expressly addressed her mental impairments, stating that because of "the claimant's history of musculoskeletal, autoimmune, and *neurological* impairments—likely complicated by fibromyalgia, COVID-19, reflux, and obesity—initial restriction to the light exertional level is appropriate." (AR. 26 (emphasis added).) The ALJ was not required to create an RFC with specific restrictions for mild limitations resulting from depression and anxiety; he was required to *consider* them. The decision demonstrates that the ALJ did that. He complied with the regulations, and his RFC assessment is supported by substantial evidence.

### b. Samford's Symptom Testimony

Proper evaluation of a claimant's symptom testimony requires the ALJ to perform a two-step analysis. *Garrison*, 759 F.3d at 1014. First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2017). If the claimant presents such evidence and absent evidence of malingering, the ALJ may reject the claimant's testimony as to the severity of her symptoms "by offering specific, clear and convincing reasons for doing so." *Id.*; *Garrison*, 759 F.3d at 1015.

The ALJ rejected Samford's testimony about the severity of her symptoms primarily based on evidence of a "conservative treatment regimen" that was only "minimally adjusted" during the relevant period. (AR. 27.) This was not a specific, clear, and convincing reason to reject Samford's testimony, nor is it supported by substantial evidence. The record includes multiple reports that the "patient continue[d] to be functionally limited by pain, *despite other conservative treatment attempts*" and thus required more aggressive treatment. (*See, e.g.*, AR. 543–44, 587, 653, 661.) In this case, a judgment by the ALJ that a treatment regimen is too conservative to support a claimant's symptom testimony "amounts to improperly 'playing doctor' in contravention of the

requirements to the applicable regulations." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017).

The Commissioner argues that any error is harmless because the ALJ offered other legally sufficient grounds to reject Samford's symptom testimony. The ALJ grounded his decision in Samford's (1) "overall partial successes with mostly conservative treatment"; (2) "largely unremarkable physical examination observations"; and (3) "ongoing activities." (AR. 28.) As discussed above, the ALJ's first ground is legally insufficient. The second and third grounds are similarly legally insufficient. Samford's testimony is material to the disability determination. Thus, the error was not harmless.

The ALJ may not "reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *Smartt v. Kijakazi*, 53 F.4th 489, 495 (9th Cir. 2022) (explaining that "an ALJ cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence" to fully corroborate every allegation of pain or symptoms). Here, the ALJ recited physical examination findings, some of which was unremarkable but some of which *did* corroborate Samford's allegations. (*See* AR. 27.) For example, Samford claimed significant pain in her neck, and indeed, the ALJ cited medical evidence of tenderness and limited range of motion in her neck. (AR. 24, 27.) The ALJ's decision simply rejected Samford's alleged level of pain because it was not fully corroborated by the medical evidence.

A claimant's daily activities can serve as a specific, clear, and convincing reason to reject symptom testimony only where the "claimant is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quotation omitted). Here, the ALJ admitted that Samford engages in "relatively limited activities due to pain." (AR. 27.) But because Samford could "complete self-care activities, including meals, hygiene, light housework, and short drives," the ALJ rejected Samford's testimony. (*Id.*) These activities are exactly the sort that cannot serve to undermine symptom

testimony because there is no indication Samford spent substantial time doing them or that they are transferable to a work setting. Altogether, the ALJ did not provide specific, clear, and convincing reasons to discount Samford's symptom testimony.

### c. Medical Opinion

For claims filed on or after March 27, 2017, like Samford's, ALJs give no specific evidentiary weight to any medical opinion. 20 C.F.R. § 404.1520c(a). Instead, an ALJ is required to consider all medical opinions and articulate how persuasive she finds them. *Id.* § 404.1520c(b). The ALJ considers several factors in assessing the persuasiveness of a medical opinion, but she need only articulate in her decision her findings regarding the supportability and consistency of the opinion with other evidence in the record. *Id.* § 404.1520c(b)(2). Statements on "issues reserved to the Commissioner"—including statements about whether a claimant is able to work or able to perform regular or continuing work—are "inherently neither valuable or persuasive," and the ALJ is not required to analyze them, even under 20 C.F.R. § 404.1520c. 20 C.F.R. § 404.1520b.

PA Neal opined that Samford's conditions required various physical limitations and stated that Samford could not complete a workday or workweek. (AR. 722.) The ALJ found the entire opinion "somewhat persuasive" (AR. 28)—at times assessing more restrictive limitations than PA Neal—but did not address the section where PA Neal concluded that Samford "suffers from severe fatigue and cannot complete an 8-hour day or 40 hour work week[]." (AR. 722.)

Samford only challenges the ALJ's failure to address PA Neal's statement that Samford cannot complete a workday or work week. This conclusion is a statement "on issues reserved to the Commissioner," which the ALJ is not required to analyze. 20 C.F.R. § 404.1520b(c)(3). The ALJ properly evaluated PA Neal's opinion.

### IV. Conclusion

Because the ALJ failed to properly evaluate Samford's symptom testimony, the Court reverses and remands the case for further proceedings.

- 6 -

**IT IS ORDERED** that the ALJ's decision (AR. 13–39) is **REVERSED** and **REMANDED** for further proceedings.

Dated this 21st day of March, 2025.

Douglas L. Rayes
Senior United States District Judge